**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-08036-001-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Olin Lee Bryant, | |
| Defendant. | |

Pending before the Court is Olin Lee Bryant's Motion to Reduce Sentence or for Early Release-First Step Act (Doc. 44). In the Motion the Defendant "contends his age, rehabilitation, and family circumstances cumulatively show an extraordinary and compelling reason to reduce his sentence by 30 months (putting him almost immediately in the federal halfway house)."

A district court may only reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "after considering the factors set forth in [18 U.S.C. § 3553(a)]" and if the court finds that "(i) extraordinary and compelling reasons warrant such a reduction" and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Defendant bears the burden of proving he meets all elements of eligibility for a statutory reduction. 18 U.S.C. § 3582(c)(1)(A); *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (holding the defendant, as the § 3582(c)(2) movant, bears the burden

of establishing entitlement to sentencing reduction.)  He fails to do so here. Defendant merely notes that "at 54 years of age, [he] does not have several decades of good working years left that he can be a provider and/or meaningful contributor to his family.  Plus, it will be more difficult the older defendant is to get hired by potential employers because of liability reasons."  He thus notes that he seeks to use the rest of his fifties and sixties to be a productive member of his community.

This is simply not sufficient information for the Court to conclude that Defendant has provided sufficient extraordinary and compelling reasons to reduce his sentence. Defendant does nothing to demonstrate an extraordinary rehabilitation, and, in light of the seriousness of his underlying crime, this is a factor the Court would have to be convinced was truly extraordinary, before considering any First Step Act relief.  Nor does the Defendant inform the Court of any family circumstances that might provide an extraordinary and compelling reason for his release.  Defendant does set forth his age, and the Court can certainly understand and sympathize with his desire to be of use to his family during his remaining available working years. But the Defendant was sentenced to 36 months less than his plea agreement would have allowed.  Certainly then, he was aware of the current range of his potential sentence when he entered his plea and his plea agreement. His present age thus does not constitute an extraordinary or compelling reason to reduce his sentence.

**THEREFORE, IT IS ORDERED:**

**DENYING** Mr. Bryant's Motion to Reduce Sentence (Doc. 44).

Dated this 12th day of January, 2023.

G. Murray Snow
Chief United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28